[Cite as *State v. Gambrel*, 2026-Ohio-772.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No.  25CA8 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Joshua D. Gambrel, | : | **RELEASED 03/05/2026** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecutor, and Andrew T. Sanderson, Assistant Prosecutor, Athens, Ohio, for appellee.
_____
Hess, J.

{¶1}    Joshua D. Gambrel appeals from two judgments of the Athens County Court of Common Pleas denying his motions for specific performance of a plea agreement.  He presents one assignment of error asserting that the trial court abused its discretion by denying his "motion to enforce the original plea agreement."  For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgments.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}    In November 2015, Gambrel was indicted on one count of engaging in a pattern of corrupt activity, seven counts related to possession of or trafficking in drugs, three counts of theft of drugs, and eight counts of possessing criminal tools. He initially

pleaded not guilty, but on February 17, 2016, he pleaded guilty to all 19 counts. He executed a written guilty plea which states in pertinent part:

> No promises have been made to me, except as part of this plea agreement, stated entirely as follows: **Plead guilty to the indictment with a joint recommendation of 10 years in prison with judicial release after five (5) years pending a favorable institutional summary report. 10 years on count 1, all other counts run concurrent. Upon release from prison, Defendant is to successfully complete the vivitrol program.**

On February 18, 2016, the trial court issued a judgment entry imposing an aggregate ten-year prison sentence. The sentencing entry states in part: "Upon release from incarceration, Defendant is ordered to be screened for and enter and successfully complete the Athens County Prosecutor's Office Vivitrol Program." On March 14, 2016, Gambrel filed a motion to withdraw his guilty plea, which the trial court denied.

{¶3} On December 1, 2020, the trial court granted Gambrel judicial release and ordered, among other things, that he "[s]hall be placed on five (5) years Community Control under the supervision of the Adult Parole Authority" and that he "shall be screened for, enter, and successfully complete the Athens County Prosecutor's Office Vivitrol program." Between July 12, 2021, and September 12, 2022, the State filed multiple notices of violation of community control/judicial release. Ultimately, the State dismissed one alleged violation, Gambrel stipulated to the remaining violations, and the trial court continued community control with additional terms and conditions. On June 20, 2023, the State filed another notice of violation of community control/judicial release. Gambrel stipulated to the violations, and the trial court continued community control with additional terms and conditions.

{¶4} Between December 28, 2023 and August 30, 2024, the State filed additional notices of violation of community control/judicial release alleging, among other things, that

on or about November 29, 2023, Gambrel failed to report to the Athens County Prosecutor's Office to be screened for entrance into the Vivitrol program. On the State's motion, the court dismissed some alleged violations, including the one regarding the Vivitrol program.  Gambrel stipulated to the remaining violations, and the court revoked his community control/judicial release and imposed an aggregate ten-year prison sentence. The court also sentenced him to nine months in prison in a different case, to be served consecutive to the prison sentence in this case, for a total aggregate prison term of ten years and nine months.  The court gave him credit for time previously served.

**{¶5}**   On October 7, 2024, Gambrel filed a "motion to order specific performance of plea deal for breach of plea agreement/motion for legal counsel to help prove the breach of plea deal/ & a hearing be scheduled to do so."  Gambrel claimed that he asked that the Vivitrol program be included in his plea agreement and that its inclusion enticed him to plead guilty. He asserted that the State breached the plea agreement because it failed to let him enter the Vivitrol program even though he tried to enter the program on multiple occasions, and he kept using drugs, which is the cause of all his trouble. He claimed that he could have been a successful person if he had been allowed in the program. He asked the court to reorder judicial release and place him in the Vivitrol program. The State interpreted Gambrel's motion as a petition for post-conviction relief and asserted, among other things, that it was untimely, that it was barred by res judicata, and that "any difficulty" with his compliance with the Vivitrol program was harmless because he had never had community control revoked for failing to comply with the program.

**{¶6}** On November 14, 2024, the trial court issued a decision denying the motion without a hearing. The court stated that "[f]or the reasons argued by the State, the motion is both untimely and barred by res judicata." The court also stated that to the extent the plea agreement contemplated Gambrel's post-prison entry into a Vivitrol program, he "has never been violated for not attending such a program and thus has suffered no prejudice." The court stated that him "placing the blame for his continued criminal behavior on the State for not facilitating his entry into a Vivitrol Program is spurious. Defendant alone is responsible for his behavior whether or not he is drug-addicted."

**{¶7}** On April 7, 2025, Gambrel filed a "motion for breach of plea agreement & specific performance of plea deal." He asserted that he was refiling his October 7, 2024 motion for which he never received a final judgment entry, and he made various arguments in support of his request for specific performance. On April 21, 2025, the trial court issued a decision denying the motion without a hearing for the reasons set forth in its November 14, 2024 decision, which it attached as an appendix. On May 23, 2025, Gambrel filed an appeal from the November 14, 2024 and April 21, 2025 decisions, along with a motion for leave to file delayed appeal, which we granted.[1]

## II. ASSIGNMENT OF ERROR

**{¶8}** Gambrel presents one assignment of error: "The trial court abused its discretion by denying Mr. Gambrel's motion to enforce the original plea agreement."

---

[1] The notice of appeal states that Gambrel is appealing from "the judgment entry of conviction, entered in this court on the ____ day of _____, 20__." The criminal case docket statement he filed the same day as the notice of appeal specifies that the filing dates of the judgments or orders being appealed are November 14, 2024 and April 21, 2025.

### III.  LAW AND ANALYSIS

{¶9}    In the sole assignment of error, Gambrel contends the trial court abused its discretion by denying his "motion to enforce the original plea agreement." Gambrel asserts that a plea bargain is contractual in nature and subject to contract-law standards. He further asserts that when a plea rests in any significant degree on a promise by the prosecutor, the promise must be fulfilled, and "[b]reach of a plea agreement could result in withdrawal of the negotiated plea or a requirement that the state fulfill its end of the bargain, depending upon the circumstances." Gambrel maintains that as part of his plea agreement, the parties agreed that "[u]pon his release, the Athens County Prosecutor would agree to allow [him] to participate in their Vivitrol program." Gambrel claims he made multiple attempts to enter the Vivitrol program, and "[t]he failure to permit participation in the program has resulted in his continued drug use and was the reason behind his multiple probation violations." He asserts that at a minimum, he put forth a prima facie case that the State breached the plea agreement, so the trial court should have conducted a hearing at which he could offer evidence.  Alternatively, he asserts that the court should have vacated his prison sentence and ordered specific performance of the original terms of the plea agreement or allowed him to withdraw his guilty plea.

{¶10}  Gambrel has not shown that the trial court erred when it denied either of his motions for specific performance of the plea agreement.   Gambrel provides no legal support for his contention that the court erred by not conducting a hearing. *See generally* App.R. 16(A)(7) (appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts

of the record on which appellant relies"). Moreover, the trial court gave three alternative reasons for denying Gambrel's motions: (1) the motions were untimely; (2) the motions were barred by res judicata; and (3) Gambrel suffered no prejudice from the alleged breach. Gambrel does not make any arguments on appeal with respect to the first or second reasons. "'When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis.'" *State v. Alexander*, 2025-Ohio-236, ¶ 23 (4th Dist.), quoting *Schutte v. Summit Cty. Sheriff's Office*, 2018-Ohio-2565, ¶ 21 (9th Dist.). We also observe that Gambrel's suggestion that he suffered prejudice because the failure to let him participate in the Vivitrol program "resulted in his continued drug use and was the reason behind his multiple probation violations" is purely speculative. "Speculation may not be the basis for a judgment." *Gingerich v. Gingerich*, 2025-Ohio-78, ¶ 25 (3d Dist.). Accordingly, we overrule the sole assignment of error and affirm the trial court's judgments.

JUDGMENTS AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENTS ARE AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**